*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 09a0373p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT
_____

CALVIN R. PETTREY, NIKKI PETTREY,
    *Plaintiffs-Appellants,*

  *v.*

           No. 08-4125

ENTERPRISE TITLE AGENCY, INC.; FIRST USA
TITLE AGENCY, LP; JOHN DESANTIS,
    *Defendants-Appellees.*

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 05-01504—Patricia A. Gaughan, District Judge.

Argued: August 5, 2009

Decided and Filed: October 27, 2009

Before: CLAY and SUTTON, Circuit Judges; THAPAR, District Judge.[*]

_____

## COUNSEL

**ARGUED:** David G. Oakley, KRAMER & ASSOCIATES, LPA, Cleveland, Ohio, for Appellants. Ellyn Tamulewicz Mehendale, JANIK L.L.P., Cleveland, Ohio, for Appellees. **ON BRIEF:** David G. Oakley, Edward G. Kramer, KRAMER & ASSOCIATES, LPA, Cleveland, Ohio, Richard S. Gordon, Martin E. Wolf, QUINN, GORDON & WOLF, CHTD., Towson, Maryland, for Appellants. Ellyn Tamulewicz Mehendale, John Paul Thomas, JANIK L.L.P., Cleveland, Ohio, Andrew J. Dorman, REMINGER CO. LPA, Cleveland, Ohio, for Appellees.

_____

[*]The Honorable Amul R. Thapar, United States District Judge for the Eastern District of Kentucky, sitting by designation.

————————————

## OPINION

————————————

THAPAR, District Judge.  Given that the plaintiffs have settled and released all of their claims against the defendants, this case is moot.  Therefore, this appeal must be dismissed for lack of jurisdiction because there is no justiciable case or controversy under Article III of the Constitution.

Plaintiffs Calvin and Nikki Pettrey originally filed this lawsuit on May 26, 2005, against Defendants Enterprise Title Agency, Inc., First USA Title Agency, LP, and John DeSantis.  In their complaint, the plaintiffs alleged that the defendants had engaged in a fraudulent scheme whereby Enterprise Title Agency essentially charged customers for services that were not performed and then used that money to give kickbacks to real estate agents who referred business to Enterprise.  On the basis of these allegations, the plaintiffs asserted the following claims:  (1) violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2607; (2) negligent misrepresentation under Ohio law; (3) violation of the Ohio Consumer Sales Practices Act; and (4) civil conspiracy under Ohio law.  The plaintiffs' complaint also sought damages and attorneys' fees and costs.

After initiating the case, the plaintiffs conducted discovery pertaining to the issue of class certification.  On May 4, 2006, they filed a motion to certify the case as a class action.  Record on Appeal ("ROA") at 207-39.  The district court denied this motion on December 19, 2006.  *Id.* at 646-78.  The plaintiffs then filed a motion for reconsideration, *id.* at 679-96, but the district court denied that motion as well, *id.* at 825-29, and then granted the defendants' motion to strike the class action allegations in the complaint, *id.*  The plaintiffs next sought interlocutory review of the district court's decision to deny class certification, but the Sixth Circuit denied interlocutory review on June 5, 2007.  *Id.* at 830-32.  Thereafter, the plaintiffs entered into a settlement agreement and released all of their individual claims for damages, attorneys' fees, and costs against the defendants.  The plaintiffs specifically did not settle their right to appeal

the denial of class certification, their claims for attorneys' fees and costs attributable to class claims, and their right to seek injunctive relief on behalf of the class. Pursuant to the settlement agreement, the defendants paid the plaintiffs the sum of $4,287.00 in damages and $20,048.00 in costs and fees. The latter figure represented the full amount of costs and fees that the plaintiffs had incurred in pursuing both individual and class claims.

In light of the settlement, the district court dismissed the action with prejudice on July 21, 2008. *Id.* at 833. The plaintiffs now seek a reversal of the district court's order denying class certification.

The problem here is that this case is no longer within the jurisdiction given to federal courts under Article III of the United States Constitution. Article III conditions the exercise of federal judicial power on the existence of a live, ongoing case or controversy. *See Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990) (citing *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988); *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975)). If a case in federal court loses its character as an actual, live controversy at any point during its pendency, it is said to be moot. *See Demis v. Sniezek*, 558 F.3d 508, 512 (6th Cir. 2009). When that happens, the case is no longer within the jurisdiction of the federal courts, and therefore must be dismissed. *See id.* Such is the case here.

"Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *UAW v. Dana Corp.*, 697 F.2d 718, 720-21 (6th Cir. 1983) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). Generally speaking, "[s]ettlement of a plaintiff's claims moots an action." *Brunet v. City of Columbus*, 1 F.3d 390, 399 (6th Cir. 1993) (quoting *Lusardi v. Xerox Corp.*, 975 F.2d 964, 974 (3d Cir. 1992)); *see also Dana Corp.*, 697 F.2d at 721 ("Generally, the settlement of a dispute between the parties does render the case moot." (citing *Local No. 8-6, Oil, Chemical & Atomic Workers Int'l Union v. Missouri*, 361 U.S. 363 (1960); *ITT Rayonier Inc. v. United States*, 651 F.2d 343 (5th Cir. 1981))). This is true here because once the plaintiffs had settled and released all of their claims

against the defendants, the plaintiffs no longer had a personal stake—i.e., a legally cognizable interest—in the outcome of the litigation. In other words, this case is moot because there is nothing left for the plaintiffs to win.[1]

It is true that in two previous cases, the Supreme Court has allowed named plaintiffs to appeal denials of class certification even after the named plaintiffs' individual claims had become moot. These cases, however, are distinguishable from the case at hand, and therefore inapplicable. First, in *Deposit Guaranty National Bank v. Roper*, 445 U.S. 326 (1980), a group of plaintiffs sued the defendant bank for charging interest in excess of the rate allowed under the National Bank Act, *see id.* at 328. After the plaintiffs' motion for class certification was denied, the bank tendered to each plaintiff the maximum amount that they could have received under the statute. *See id.* at 329. The plaintiffs objected to this tender because they desired to appeal the denial of class certification. *See id.* Over the plaintiffs' objections, the district court entered judgment in favor of the plaintiffs in the amounts tendered by the bank and then dismissed the action. *See id.* at 330. The court of appeals reversed, finding that the case was not moot and that class certification should have been granted. *See id.* at 331. The Supreme Court then granted certiorari for the purpose of determining whether the case was moot. The Court implicitly held that the dispute over class certification was a live controversy, *see id.* at 332-40, and it explicitly held that the plaintiffs retained a personal stake in the issue of class certification despite the fact that they had prevailed on the merits of their individual claims, *see id.* at 336-37, 340. Specifically, the Court found that the plaintiffs retained a personal stake in the case because they would be able to shift part of the costs of litigation to the class members if they prevailed in their attempt at class certification. *See id.* at 336-37.

---

[1]Had class certification been granted prior to the settlement, then the settlement of the named plaintiffs' claims would not have rendered the case moot. *See Brunet*, 1 F.3d at 399 (citing *Sosna v. Iowa*, 419 U.S. 393, 399 (1975)). However, because a class action had not been certified at the time the Pettreys settled their claims, this case is moot. *See id.* (citing *Bd. of Sch. Comm'rs v. Jacobs*, 420 U.S. 128 (1975) (per curiam); *Lusardi*, 975 F.2d at 974; *Tucker v. Phyfer*, 819 F.2d 1030, 1035 (11th Cir. 1987); *Sannon v. United States*, 631 F.2d 1247, 1252 (5th Cir. 1980)).

Similarly, in *United States Parole Commission v. Geraghty*, 445 U.S. 388 (1980), the Court allowed a named plaintiff to appeal the denial of class certification even though the named plaintiff's individual claims had become moot. In *Geraghty*, the named plaintiff sought to challenge the constitutionality of the United States Parole Commission's Parole Release Guidelines. At the time the case was filed, the named plaintiff was a federal prisoner. He filed the case on behalf of himself and the class of "all federal prisoners who are or will become eligible for release on parole," *id.* at 393, but the district court denied class certification and granted summary judgment in favor of the defendants, *id.* at 393. While the case was pending on appeal, the named plaintiff was mandatorily released from prison, thereby rendering the Parole Release Guidelines inapplicable to him. *Id.* at 394. Nevertheless, the Supreme Court concluded that the case was not moot. In particular, it held that there was still a live controversy as to the class certification issue because the Parole Release Guidelines still applied to some of the members of the class that the named plaintiff sought to represent. *See id.* at 396. As evidence of the live nature of the controversy, the Court noted that some of the putative class members had moved to be substituted as the named plaintiff. *Id.* Finally, with regard to the second aspect of mootness—i.e., the "personal stake" requirement—the Court found that the named plaintiff's personal stake in the outcome of the litigation was, "in a practical sense, no different from that of the putative class representatives in *Roper*." *Id.* at 401.

The case at hand is distinguishable from both *Roper* and *Geraghty*. First, it is doubtful that there is a live controversy here because the named plaintiffs' claims were voluntarily relinquished, whereas they were involuntarily terminated in both *Roper* and *Geraghty*. Indeed, the *Geraghty* Court recognized the distinction between a voluntary relinquishment of claims and an involuntary termination of claims when it expressly declined to express a view "as to whether a named plaintiff who settles the individual claim after denial of class certification may, consistent with Art. III, appeal from the adverse ruling on class certification." *Geraghty*, 445 U.S. at 404 n.10 (citing *United*

*Airlines, Inc. v. McDonald*, 432 U.S. 385, 393-94 & n.14 (1977)).[2] Additionally, unlike in *Geraghty*, no members of the putative class have come forward in an attempt to preserve the live nature of this controversy by being substituted as the named plaintiff.

Most importantly though, this case is distinguishable from *Roper* and *Geraghty* because the named plaintiffs in those cases retained personal stakes in their respective litigation after their individual claims had been terminated. The *Roper* and *Geraghty* plaintiffs retained personal stakes in the litigation by virtue of the fact that they could have shifted the litigation costs to their fellow class members if they had succeeded in obtaining class certification. In this case, however, the plaintiffs have no litigation costs that can be shifted to putative class members. To the contrary, as part of the settlement, the defendants agreed to pay all attorneys' fees and costs incurred by the plaintiffs in pursuing both their individual and class claims. In turn, the plaintiffs released all of their individual claims for attorneys' fees and costs.

Although the settlement agreement purports to reserve the plaintiffs' right to pursue claims for the portion of costs and attorneys' fees attributable to their class claims, it also recites that the plaintiffs incurred a total of $20,048.00 "in costs and fees in pursuing their Individual Claims and Class Claims," and it further provides that the defendants shall pay the plaintiffs' costs and attorneys' fees in that entire amount. Therefore, the defendants have already agreed to pay the full amount of costs and fees incurred by the plaintiffs. As a result, the plaintiffs in this case have retained no interest in shifting the costs of litigation, and thus, this case is plainly moot. *See Potter v. Norwest Mortgage, Inc.*, 329 F.3d 608, 614 (8th Cir. 2003) (finding the case to be moot because the named plaintiff had clearly settled her individual claims and the record did not permit a finding that she had retained an interest in shifting costs and attorneys' fees to the putative class members); *Toms v. Allied Bond & Collection Agency, Inc.*, 179 F.3d

---

[2]At least one other circuit has opined that whether the settlement was voluntary or involuntary is not relevant so long as the plaintiff retains a stake in shifting the litigation fees and expenses. *See Richards v. Delta Air Lines, Inc.*, 453 F.3d 525, 528-29 (D.C. Cir. 2006). This issue remains undecided in this circuit, and we need not decide it here because the plaintiffs in this case did not retain a stake in shifting the litigation costs.

103, 105-06 (4th Cir. 1999) (finding the case to be moot because the settlement had extinguished the named plaintiff's interest in his individual substantive claim as well as his interest in shifting the costs of litigation to the putative class members).

This is not a situation where the settlement agreement gives the plaintiffs a lump sum and leaves it to them to pay their attorneys' fees and costs out of that amount. If that were the case, then the plaintiffs would retain an interest in shifting the litigation expenses to the putative class members because doing so would allow the plaintiffs to retain a greater portion of their lump sum. However, since the defendants have agreed to pay all of the plaintiffs' attorneys' fees and costs, no such interest exists here. In fact, the plaintiffs might even have the exact opposite interest. After all, the settlement agreement provides that if the plaintiffs succeed in getting a reversal of the denial of class certification, the money set aside for the plaintiffs' attorneys' fees and costs will be returned to the defendants. Thus, if the denial of class certification were reversed, the plaintiffs would either have to share the attorneys' fees and costs with the putative class members—which necessarily means that the plaintiffs would have to pay at least some of the attorneys' fees and costs—or else they would have to find some way to shift 100% of the litigation expenses to the putative class members—which would be unlikely since class action litigation expenses are often shared by all of the class members, including the named plaintiffs. Either way, a reversal of the denial of class certification would not leave the plaintiffs in a better position with respect to attorneys' fees and costs than would the settlement agreement. Therefore, the plaintiffs have no real interest in pursuing class certification for the purpose of shifting the litigation expenses to the putative class members.[3] Since the plaintiffs no longer have an interest in shifting a portion of their attorneys' fees and costs to the putative class members, the court cannot avoid the conclusion that this case is moot.

---

[3]It is true that the plaintiffs' attorneys' fees and costs have not yet been paid. This is due to the fact that the settlement agreement provides that the defendants will pay all of the plaintiffs' attorneys' fees and costs unless the district court's class certification decision is reversed. However, the fact that the plaintiffs' attorneys' fees and costs have not yet been paid is of no consequence. What is important is that the settlement agreement extinguishes the plaintiffs' interest in shifting a portion of the litigation expenses to the putative class members by providing that the defendants will pay all of the plaintiffs' attorneys' fees and costs if the district court's decision is upheld.

Beyond purporting to reserve the right to pursue attorneys' fees and costs attributable to class claims, the settlement agreement also purports to reserve the named plaintiffs' rights "to seek injunctive relief on behalf of the class against Defendants should Plaintiffs prevail in reversing the Class Denial Order on Appeal." Although this might have prevented the case from becoming moot if the named plaintiffs had made any claims for injunctive relief, the fact is that the complaint asserted no such claims.

The settlement agreement also claims to reserve the plaintiffs' rights to appeal the denial of class certification. This reservation of rights is also irrelevant because "[n]o party can create jurisdiction merely by agreement; the Constitution vests authority in the courts only where a concrete interest is present." *Toms*, 179 F.3d at 107. The plaintiffs could have maintained a concrete interest in this case, but they instead voluntarily chose to bargain away all of their interests via a negotiated settlement. Because their personal stake has been extinguished and no other putative class members have stepped forward to replace them as the named plaintiffs, this case is moot. *See id.* Accordingly, it must be dismissed because it no longer presents a case or controversy as required for federal jurisdiction by Article III. *Id.*; *Potter*, 329 F.3d at 614.

This case also does not raise concerns about a defendant defeating a class action by "picking off named plaintiffs." This concern is not implicated here since the settlement occurred after the motion for class certification was denied and interlocutory review was denied. Such a concern would arise when a defendant attempts to eliminate the named plaintiffs at the outset of the class action by conveying an offer of judgment or settlement with the named plaintiffs before or immediately after a class certification motion is filed, but this has plainly not happened here. In any event, though, even if picking off the named plaintiff were a concern, we are not at liberty to create a controversy where one no longer exists. *See Toms*, 179 F.3d at 106-07 ("Courts are not at liberty to perpetuate such controversies when, by virtue of settlement, they no longer exist.").

Finally, the plaintiffs would face severe difficulties on the merits of the class certification issue if we determined this case was not moot.  Due to the fact that the plaintiffs have settled and released all of their claims, it appears that they have little, if any, incentive to advocate on behalf of the putative class.  Accordingly, it appears that the plaintiffs and the rest of the putative class members would not share the same interest in pursuing the litigation.  If true, this would be fatal to class certification because Fed. R. Civ. P. 23(a)(4) requires that the named plaintiffs in a class action possess the same interest as the class members.  *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625-26 (1997) (quoting *East Tex. Motor Freight Sys., Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977)).  Nevertheless, the court need not reach this issue because this case is moot.  *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (holding that the merits of a case cannot be decided where there is no jurisdiction).

For the foregoing reasons, this appeal is DISMISSED.