**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a1269n.06

No. 12-5112

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

*Dec 10, 2012*

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| PATRICIA A. RAGLAND MCGEHEE; RICHARD MCGEHEE, | ) | |
| | ) | |
| Plaintiffs-Appellants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES ARMY CORPS OF ENGINEERS; ROBERT L. VAN ANTWERP, Lieutenant, Commander and Chief of Engineers, U.S. Army Corps of Engineers; KEITH LANDRY, Colonel, District Commander, U.S. Army Corps of Engineers; FEDERAL HIGHWAY ADMINISTRATION; VICTOR M. MENDEZ, Federal Highway Administrator, Federal Highway Administration; COMMONWEALTH OF KENTUCKY; TRANSPORTATION CABINET; DEPARTMENT OF HIGHWAYS; MIKE HANCOCK, Secretary, Kentucky Transportation Cabinet, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF KENTUCKY |
| | ) | |
| Defendants-Appellees. | ) | |

BEFORE: BOGGS and McKEAGUE, Circuit Judges; CARR, District Judge.[*]

PER CURIAM. Patricia A. Ragland McGehee and Richard McGehee, wife and husband,

appeal a district court order dismissing their action against several federal and state agencies and

---

[*]The Honorable James G. Carr, United States District Judge for the Northern District of Ohio, sitting by designation.

officials alleging violations of a number of federal and state statutes in the condemnation of a parcel of land on their farm in order to build a road.

The Commonwealth of Kentucky initiated a condemnation proceeding in state court to acquire a small portion of the McGehees' farm to build a road. The McGehees filed this action in federal district court alleging that the defendants were violating the National Historic Preservation Act, because their farm was a designated historic site, as well as environmental statutes including the Clean Water Act, Safe Drinking Water Act, and National Environmental Policy Act. On September 6, 2011, the parties attended a settlement conference and agreed that the state would pay the McGehees $400,000 in settlement of all their claims, the McGehees would be permitted to move their house and other structures from the condemned parcel to a different location on the farm, and both the state and federal actions would be dismissed. The district court entered an order on September 8, 2011, declaring that the settlement agreement mooted all pending motions, including a motion by the federal defendants to dismiss the claims against them for lack of jurisdiction. The order stated that the case would remain on the docket until the structures were moved and the amount of the settlement was paid.

Defendants later moved to enforce the settlement agreement because the McGehees had refused to sign the written settlement agreement and release. The district court held a telephone conference with counsel for the parties, and, on October 7, 2011, entered an order adopting the written settlement agreement as the agreement of the parties. Shortly thereafter, the McGehees signed the written agreement and completed the transfer of the buildings to the remaining portion of their farm. The amount of the settlement was paid by the state defendants in the state-court

proceeding. On January 4, 2012, defendants filed a motion to dismiss, because the conditions specified in the district court's original order had been satisfied. Defendants noted that the McGehees had obtained new counsel and were continuing to submit filings in the state-court action, although nothing had been filed in the federal case. On January 9, 2012, the district court entered an order dismissing the action as settled. The McGehees filed a notice of appeal on February 3, 2012, and now argue that the district court's order must be vacated because they were not afforded an opportunity to respond to defendants' motion to dismiss. We denied the McGehees' motion for a temporary injunction to prevent the completion of the road construction, as well as their motion for reconsideration of that order.

Upon review, we conclude that the district court properly dismissed the action for lack of jurisdiction after the controversy was rendered moot by the settlement agreement. *See Pettrey v. Enterprise Title Agency, Inc.*, 584 F.3d 701, 703 (6th Cir. 2009). The McGehees argue that they wished to challenge the dismissal on the ground that they were under duress when they agreed to the settlement. This issue was not raised in the district court, either in response to defendants' motion to enforce the agreement in October 2011 or at any other time prior to the order of dismissal in January 2012. The McGehees' argument that they had insufficient time to raise their claim of duress between the filing of defendants' motion to dismiss and the district court's order is unpersuasive, given the number of other opportunities that they had to present the issue to the district-court judge, who would have personal knowledge of the merits of the assertion of duress. The McGehees also did not raise their argument that the district court's order of dismissal should be set aside to allow them to respond to the motion to dismiss in a motion for reconsideration or to set aside the

settlement agreement following the district court's order. We will not address issues raised for the first time in this court, as there is no ruling below to review. *Jolivette v. Husted*, 694 F.3d 760, 770 (6th Cir. 2012).

Both the state defendants and the McGehees have filed motions to take judicial notice. To the extent the McGehees request that we take judicial notice of filings in the district court, their motion is unnecessary. Both parties also ask that we take judicial notice of filings in the contemporaneous Kentucky state-court proceeding, which are public records and are properly noticed. *See Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999). We decline to take judicial notice of any other documents submitted, the origin and relevance of which are unclear.

The state defendants also request in their brief that sanctions be imposed against the McGehees pursuant to Federal Rule of Appellate Procedure 38. However, Rule 38 requires the filing of a separate motion in order for sanctions to be imposed. *See Uhl v. Komatsu Forklift Co.*, 512 F.3d 294, 308 (6th Cir. 2008).

Because the settlement agreement below rendered this controversy moot, we affirm the district court's order of dismissal.