RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 13a0165p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

CHRISTOPHER G. HRIVNAK,

    *Plaintiff-Appellee*,

    *v.*

No. 11-3142

NCO PORTFOLIO MANAGEMENT, INC.; NCO
GROUP, INC.; NCO PORTFOLIO
MANAGEMENT; NCO FINANCIAL SYSTEMS,
INC.; JAVITCH, BLOCK & RATHBONE, LLP,

    *Defendants-Appellants*.

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 1:10-cv-646—Donald C. Nugent, District Judge.

Argued: June 8, 2012

Decided and Filed: June 11, 2013

Before: SUTTON, MCKEAGUE and RIPPLE,[*] Circuit Judges.

_____

## COUNSEL

**ARGUED:** Michael D. Slodov, SESSIONS, FISHMAN, NATHAN & ISRAEL, LLC, Chagrin Falls, Ohio, for Appellants. Adina H. Rosenbaum, PUBLIC CITIZEN LITIGATION GROUP, Washington, D.C., for Appellee. **ON BRIEF:** Michael D. Slodov, JAVITCH, BLOCK, & RATHBONE LLC, Cleveland, Ohio, David Israel, Allison L. Cannizaro, Brian D. Roth, SESSIONS, FISHMAN, NATHAN & ISRAEL, LLC, Metairie, Louisiana, for Appellants. Adina H. Rosenbaum, PUBLIC CITIZEN LITIGATION GROUP, Washington, D.C., Anand N. Misra, THE MISRA LAW FIRM, LLC, Beachwood, Ohio, Robert S. Belovich, Broadview Heights, Ohio, for Appellee. Kenneth W. Zeller, AARP FOUNDATION LITIGATION, Washington, D.C., for Amicus Curiae.

---

[*] The Honorable Kenneth F. Ripple, Senior Circuit Judge for the United States Court of Appeals for the Seventh Circuit, sitting by designation.

———————————

**OPINION**

———————————

SUTTON, Circuit Judge.  Christopher Hrivnak sued several debt-management companies and a law firm, (1) claiming they violated federal and state law when they dunned him on several credit-card debts and (2) seeking to obtain monetary and injunctive relief on behalf of a class of like-situated individuals.  In response, the defendants gave Hrivnak an offer he could not refuse—$7,000 plus reasonable costs and attorney's fees—or so they thought.  Hrivnak rejected the offer.  The defendants think their offer moots the case and, with it, the class action.  We disagree.  The offer at most resolves some, but not all, of Hrivnak's claims.  We therefore affirm.

I.

Hrivnak filed this lawsuit in state court under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692–1692p, and Ohio consumer-protection law, Ohio Rev. Code §§ 1345.01–.99, 4165.01–04.  In addition to seeking class relief, he requested statutory, compensatory and punitive "damages . . . exceeding $25,000," as well as injunctive and declaratory relief.  R.1-1 at 24; 1-2 at 11.  The defendants removed the case to federal court on federal-question grounds.

Two days after removing the case, the defendants made an offer of judgment to Hrivnak under Civil Rule 68.  In material part, the offer said:

1.      Judgment shall be entered against Defendants for damages in the total amount of Seven Thousand and No/100 Dollars ($7,000) for Defendants' alleged violations of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. § 1692, et seq. and Ohio law;

2.      In addition, the Judgment entered shall include an additional amount for plaintiff's reasonable costs and attorney's fees that apply to his claims against Defendants either: 1) as agreed to by counsel for the parties; or 2) in the event counsel cannot agree, as determined by the Court upon application by plaintiff's counsel;

3.      The Judgment entered in accordance with this Offer of Judgment is to be in total settlement of any and all claims that plaintiff brought or could have brought against NCO Capital II, LLC d/b/a NCO Portfolio Management, NCO Portfolio Management, Inc., NCO Group, Inc., NCO Financial Systems, Inc., NCOP Nevada Holdings, LLC and Javitch, Block, & Rathbone, LLP;

4.      This Offer of Judgment is made solely for the purposes specified in Fed. R. Civ. P. 68, and is not to be construed either as an admission that Defendants are liable in this action, or that plaintiff has suffered any damage;

5.      In accordance with Fed. R. Civ. P. 68, if this Offer of Judgment is not accepted by plaintiff within 14 days after service of the Offer, the Offer shall be deemed withdrawn and evidence of this Offer will be inadmissible except in any proceeding to recover costs. If this Offer of Judgment is not accepted by plaintiff and the judgment finally obtained by plaintiff is not more favorable than this Offer, the plaintiff must pay his costs incurred after making this Offer, as well as the costs of Defendants as allowed by the law of this Circuit.

R.18-2.

Hrivnak moved to strike the offer or, in the alternative, for class certification. The defendants opposed the motion and claimed that the offer mooted the case because it satisfied all of Hrivnak's claims. The district court rejected the mootness argument. Instead of considering whether the offer had satisfied each of Hrivnak's claims, the court grappled with the significance of an allegation of mootness with respect to the individual claims in a complaint when the Rule 68 offer occurs before the claimant files a motion for class certification. Finding that the defendants could not establish that Hrivnak had exhibited a "lack of diligence" in pursuing certification, the district court concluded that Hrivnak's claims should be allowed to proceed. R.31 at 15.

The defendants moved the court to reconsider its holding and to dismiss the case for lack of jurisdiction, raising their mootness arguments in both motions. The district court affirmed its original holding. It certified this legal issue for immediate appellate resolution, and we permitted the interlocutory appeal. *See* 28 U.S.C. § 1292(b).

II.

Article III of the United States Constitution limits the jurisdiction of federal courts to "cases" and "controversies," U.S. Const. art. III, § 2, cl. 1, "a cradle-to-grave requirement" that must be satisfied at the time a plaintiff first brings suit and that must remain satisfied throughout the life of the case, *Fialka-Feldman v. Oakland Univ. Bd. of Tr.*, 639 F.3d 711, 713 (6th Cir. 2011). The limitation requires a party who invokes the jurisdiction of the federal courts to "demonstrate that he possesses a legally cognizable interest, or 'personal stake,' in the outcome" of the case. *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1528 (2013) (quoting *Camreta v. Greene*, 131 S. Ct. 2020, 2028 (2011)). If after filing a complaint the claimant loses a personal stake in the action, making it "impossible for the court to grant any effectual relief whatever," the case must be dismissed as moot. *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992).

The defendants claim that their Rule 68 offer of judgment had that effect. From their vantage point, the only relief available to Hrivnak under the FDCPA and Ohio law is a statutory damages award of no more than $1,000 plus attorney's fees and costs. They maintain that Hrivnak is ineligible for any additional actual or punitive damages, and they point to precedent from other circuits that says the FDCPA bars private citizens from obtaining the injunctive and declaratory relief Hrivnak demanded. Having purported to establish that their offer to pay Hrivnak $7,000 in damages would give him everything he deserved, they insist that Hrivnak's resistance to the Rule 68 offer makes the entire case—his individual and yet-to-be-certified class claims included—moot.

Embedded in this line of reasoning are two premises—that the defendants have offered Hrivnak everything he could possibly win as an individual and that, once that is the case, the individual and uncertified class claims both must be dismissed as moot. In our view, the defendants have not cleared the first hurdle, and accordingly we need not reach the class-claims argument.

To moot a case or controversy between opposing parties, an offer of judgment must give the plaintiff *everything* he has asked for as an individual. That means his

"entire demand," as we have said, *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 574 (6th Cir. 2009), and as others have said, *see Zinni v. E.R. Solutions, Inc.*, 692 F.3d 1162, 1166 (11th Cir. 2012) ("Offers for the *full relief requested* have been found to moot a claim.") (emphasis added); *Friedman's, Inc. v. Dunlap*, 290 F.3d 191, 197 (4th Cir. 2002) ("[O]ne such circumstance mooting a claim arises when the claimant receives *the relief he or she sought to obtain* through the claim.") (emphasis added); *Rand v. Monsanto Co.*, 926 F.2d 596, 598 (7th Cir. 1991) ("Once the defendant offers to satisfy the plaintiff's *entire demand*, there is no dispute over which to litigate.") (emphasis added).

An offer limited to the relief the *defendant* believes is appropriate does not suffice. The question is whether the defendant is willing to meet the plaintiff on his terms. *Gates v. Towery*, 430 F.3d 429, 432 (7th Cir. 2005). Nor is anything in Civil Rule 68 to the contrary. The point of Rule 68 is twofold: (1) to provide a process for making offers of judgment and for accepting or denying them, Fed. R. Civ. P. 68(a)-(c), and (2) to create an incentive for taking offers of judgment seriously by providing that, "[i]f the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Fed. R. Civ. P. 68(d). By declining the defendants' offer of judgment, Hrivnak converted the defendants' proposal into a "withdrawn" offer and exposed himself to the risk of being on the hook for costs incurred by the defendants "after the offer was made." Yet Rule 68 does not by itself tell us whether the defendants' offer moots the case; mootness occurs only when the offer is accepted or the defendant indeed offers to provide every form of individual relief the claimant seeks in the complaint.

In this case, the defendants did not offer to satisfy *all* of Hrivnak's individual demands. They offered to satisfy just those demands *they* believed were legitimate under state law and the FDCPA. Hrivnak asked for more than $25,000, reasonable attorney's fees and injunctive and declaratory relief. Yet the defendants offered him $7,000 plus costs and attorney's fees. That was it. Reasonable though the defendants'

offer may have been (and may still prove to be), the disparity between what they offered and what the plaintiff sought generally will preclude a finding of mootness. Just so here.

This case turns less on the intricacies of Rule 68 and more on the distinction between the merits of a claim and the existence of a live controversy. As the defendants would have it, claims with little to no chance of success should be dismissed as moot whenever they are mixed in with promising claims that a defendant offers to compensate in full. That is not how it works. "A bad theory (whether of liability or of damages) does not undermine federal jurisdiction." *Gates*, 430 F.3d at 432. "[T]he absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction, *i.e.*, the courts' statutory or constitutional *power* to adjudicate the case." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89 (1998); *see Bell v. Hood*, 327 U.S. 678, 682 (1946) ("Jurisdiction . . . is not defeated . . . by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover. For it is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction.").

Two Supreme Court cases shed light on the distinction. In one, Adam Clayton Powell, Jr. filed a lawsuit after the House of Representatives refused to permit him to take the seat to which he had been elected. *Powell v. McCormack*, 395 U.S. 486, 489 (1969). Powell sought an injunction clearing the way to assume office, a declaratory judgment that his exclusion was unconstitutional and payment of the salary withheld during his exclusion. *Id.* at 494, 496. After the House seated Powell, the defendants argued that Powell's claims were moot. *Id.* at 495–96. He no longer had an injury warranting injunctive relief, they said, and he had brought his action to recover backpay in the wrong court. *Id.* at 498–500. The Court rejected the second half of this mootness argument: "[R]espondents seem to argue that Powell's proper action to recover salary is a suit in the Court of Claims, so that, having brought the wrong action, a dismissal for mootness is appropriate. The short answer to this argument is that it confuses mootness with whether Powell has established a right to recover . . . , a question which it is inappropriate to treat at this stage of the litigation." *Id.* at 500.

*Chafin v. Chafin*, 133 S. Ct. 1017 (2013), reached a similar conclusion. While stationed overseas, Jeffrey Lee Chafin, an army sergeant and United States citizen, married a woman from the United Kingdom, and the two had a daughter together. *Id.* at 1022. When the marriage unraveled, Ms. Chafin sought custody and, after obtaining a favorable verdict in a district court in Alabama, moved back to Scotland and took the child with her. *Id.* Mr. Chafin appealed the district court's order, but the Eleventh Circuit dismissed his appeal as moot, holding that the federal courts "became powerless" to grant relief as soon as Ms. Chafin left the country. *Id.* at 1022–23. The Supreme Court reversed. An argument that "goes to the . . . legal availability of a certain kind of relief" "confuses mootness with the merits," the Court said. Mr. Chafin's "prospects of success are . . . not pertinent to the mootness inquiry." *Id*. at 1024; *see also id.* at 1023 ("[A] case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party. As long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot.") (internal quotation marks omitted).

This Circuit has said the same. In *Primax Recoveries, Inc. v. Gunter*, 433 F.3d 515 (6th Cir. 2006), the Gunters, a couple injured in an automobile accident, received insurance benefits from a plan covered by ERISA. Some time thereafter, the Gunters filed an application for attorney's fees, citing an ERISA provision, and Primax countered with a motion to dismiss for lack of subject matter jurisdiction, arguing that the relevant provision provided only for equitable, as opposed to legal, relief. *Id.* at 517. Highlighting two recent Supreme Court decisions that "admonished courts to use the term 'jurisdiction' with more precision," *id.* at 518, we explained that Primax's defense should have been presented in a motion to dismiss for failure to state a claim, not a motion to dismiss for lack of subject matter jurisdiction, *id.* at 519. *See also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 510–11 (2006) (acknowledging that the Court has "sometimes been profligate" in its use of the term "jurisdiction" and urging courts to be more "meticulous" in their differentiation between lack of subject matter jurisdiction and failure to state a claim); *Moore v. Lafayette Life Ins. Co.*, 458 F.3d 416, 443–45 (6th Cir. 2006) (noting the confusion that often ensues when "standing and merits questions

converge" and stating that, unless a plaintiff's claim is "so insubstantial that it fails to present a federal controversy," courts may properly reach the merits and retain jurisdiction). The court retained jurisdiction over the action, we said, even if the ERISA provision at issue did not authorize the relief the Gunters sought.

So too here. The defendants did not say, "We are willing to give Hrivnak all of the relief he asked for." They in effect said, "We are willing to give Hrivnak all of the relief he asked for, *save* the relief he should not receive on the merits." Because these other claims were not "so insubstantial" that they "fail[ed] to present a federal controversy," the defendants' Rule 68 offer did not deprive the court of subject matter jurisdiction. *Moore*, 458 F.3d at 445. Yes, the offer created a risk that Hrivnak would be hit with all costs later incurred if he failed to obtain more than $7,000 on the merits, as Rule 68 provides, but that is not the same thing as ending the otherwise-vested subject matter jurisdiction of the court.

All of this should cast a new light on the defendants' arguments about the weaknesses of Hrivnak's federal and state claims: (1) that he failed to allege any physical, mental or employment-based harm and thus should not be entitled to seek actual damages; (2) that he may not recover more than $1,000 per proceeding under the FDCPA or more than $200 on his state claims; (3) that he is not authorized as an individual to seek declaratory or injunctive relief under the FDCPA; and (4) that he is not authorized as an individual to seek punitive damages. Each argument warrants an identical response: The defendants may be right, but each argument goes to the *merits* of Hrivnak's claims, and the merits of those claims are not so insubstantial as to deprive the court of jurisdiction. To pick one example, the defendants may be right that the FDCPA does not authorize declaratory or injunctive relief. But neither our court nor the Supreme Court has reached that conclusion, and it is surpassingly strange to think that this court and the Supreme Court do not have jurisdiction to resolve this point of law. Plaintiffs have the right to win—and lose—cases, and we have jurisdiction to make the call. To rule on whether Hrivnak is entitled to a particular kind of relief is to decide the merits of the case. Neither Civil Rule 68 nor any other Rule or tradition requires the

district court to do that in response to a motion to dismiss for lack of subject matter jurisdiction.

To the extent some of Hrivnak's claims lack merit, ample mechanisms exist to force the issue, including some that do not require discovery. The defendants could seek to dismiss some of Hrivnak's claims for failure to state a claim. Fed. R. Civ. P. 12(b)(6); *see also Primax Recoveries*, 433 F.3d at 519. They could ask for a merits determination regarding the availability of Hrivnak's requested relief by way of a motion for summary judgment. Fed. R. Civ. P. 56. They could move for a judgment on the pleadings. Fed. R. Civ. P. 12(c). They could even file a Rule 11 motion seeking sanctions against Hrivnak's attorney for making frivolous arguments or "needlessly increas[ing] the cost of litigation." Fed. R. Civ. P. 11(b). Or they could seek Rule 68 costs if Hrivnak fails to obtain more than $7,000 in the case. What they may not do is require the district court to address their other merits arguments in order to determine whether a Rule 68 offer of judgment as to *some* claims moots *all* claims.

III.

For these reasons, we affirm.