# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-41161

United States Court of Appeals
Fifth Circuit

**FILED**
December 2, 2013

Lyle W. Cayce
Clerk

DONALD W. THOMAS

Plaintiff-Appellant,

v.

MAMASO, INCORPORATED, doing business as Maso's Texaco,

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:10-CV-229

Before JOLLY, DeMOSS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

On May 3, 2010, Appellant Donald Thomas filed suit under the Electronic Funds Transfer Act ("EFTA") against Appellee Mamaso, Incorporated ("Mamaso") in the United States District Court for the Eastern District of Texas. At the time Thomas filed suit, the EFTA required an operator of an automated teller machine ("ATM") charging a service fee to display a "prominent and conspicuous" notice "on or at" the machine informing the user of the fee. *See* 15 U.S.C. § 1693b(d)(3)(B), *amended by* Act of Dec. 20,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-41161

2012, Pub.L. No. 112-216, 126 Stat. 1590.   This "on-machine" notice requirement was in addition to the familiar "on-screen" fee notification and has since been repealed.  *Id.*; *see also Charvat v. Mut. First Fed. Credit Union*, 725 F.3d 819, 821 (8th Cir. 2013) (discussing the EFTA before and after the recent amendments); *Hughes v. Kore of Ind. Enter., Inc.*, 731 F.3d 672, 674 (7th Cir. 2013) (same).   A consumer charged a service fee by an ATM lacking the on-machine notice could maintain an individual action against the operator of the ATM for any actual damages and between $100 and $1,000 in statutory damages.  15 U.S.C. § 1693m(a).  A class of consumers could recover up to the lesser of $500,000 or 1% of the operator's net worth.  *Id.*

Thomas's original complaint alleged that an ATM located in a gas station owned by Mamaso charged him a $2.00 service fee while lacking the then-required on-machine notice.  The complaint also alleged that Mamaso was the "operator" of the ATM under 12 C.F.R. § 205.16(a).  Thomas asserted an EFTA claim individually and on behalf of a purported class of consumers who had used the ATM.

Mamaso answered and denied that it was the operator of the ATM.  In response, Thomas amended his complaint to name the company that serviced the ATM, Cash Technologies of America, Inc. ("CTA"), as the defendant.  Thomas then settled with CTA for $10,000.  After executing the settlement agreement with CTA, Thomas amended his complaint again to "re-name" Mamaso as the defendant.  Mamaso moved for summary judgment, asserting that because Thomas had already received a full recovery from CTA on his EFTA claim, Thomas's individual and class-action claims against Mamaso were moot.  The district court agreed and granted Mamaso's motion for summary judgment.  Thomas appeals.

"As a general principle, a purported class action becomes moot when the personal claims of all named plaintiffs are satisfied and no class has been

certified." *Murray v. Fidelity Nat'l Fin., Inc.*, 594 F.3d 419, 421 (5th Cir. 2010). Although Thomas raises a number of arguments on appeal as to why the CTA settlement did not satisfy his individual EFTA claim, he did not present any of those arguments to the district court. Accordingly, he has waived the issue. *Martco Ltd. P'ship v. Wellons, Inc.*, 588 F.3d 864, 877 (5th Cir. 2009).

No class had been certified at the time of the CTA settlement. In fact, Thomas did not move for class certification until well after Mamaso filed its motion for summary judgment. Nonetheless, Thomas argues that under the relation back doctrine, his settlement with CTA did not render his class action claim moot.

The relation back doctrine generally provides that a defendant to a purported class action cannot "pick off" the named plaintiff early in the case by offering to satisfy his individual claims and thereby moot the class action before the plaintiff has the opportunity to obtain class certification. *Weiss v. Regal Collections*, 385 F.3d 337, 347 (3d Cir. 2004). While the precise contours of the relation back doctrine remain ill-defined, courts applying the doctrine have distinguished between situations where the defendant attempts to force mootness by *offering* to settle with the named plaintiff for the full amount of his claim before the time for moving for class certification has expired and those where the named plaintiff voluntarily *accepts* a full settlement offer before filing a motion for class certification. *See Weiss*, 385 F.3d at 349; *see also Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 920 (5th Cir. 2008). Because Thomas's voluntary settlement with CTA falls into the latter category, the district court correctly held that the relation back doctrine did not apply and that Thomas's settlement with CTA therefore mooted his EFTA action.

For the foregoing reasons, the judgment of the district court is AFFIRMED.