ROBERT J. JONKER, CHIEF UNITED STATES DISTRICT JUDGE
*890 This matter is before the Court on Defendants The Law Offices of Mitchell D. Bluhm & Associates, LLC, Capio Partners, LLC, and CP Medical LLC's (collectively, "Defendants") joint motion to dismiss for lack of subject matter jurisdiction (ECF No. 21 ). The Court has thoroughly reviewed all matters of record and carefully considered the applicable law. For the following reasons, the Court GRANTS the Defendants' motion to dismiss.
I. INTRODUCTION
Plaintiff filed a putative FDCPA class action on January 11, 2017. About a month later, on February 14, 2017, he signed an acceptance of Defendant's Rule 68 Offer of Judgment providing him all the relief he could receive for his personal FDCPA claim. About a week after that, on February 22, 2017, he filed a copy of the Rule 68 offer and acceptance, along with a motion to certify an FDCPA class with himself as named Plaintiff class representative. By signing an acceptance of Defendant's Rule 68 offer of complete relief before certification-or even a motion for certification of a class-Plaintiff mooted this case. Accordingly, Defendant's motion to dismiss is GRANTED. Plaintiff could have rejected-or simply not responded to the offer of judgment-and potentially preserved his ability to proceed as a putative class representative. By accepting the offer of complete relief for himself at this early, pre-certification stage, Plaintiff mooted the case in its entirety.
II. BACKGROUND
Plaintiff originally owed a debt for medical services to Florida Hospital. Plaintiff received a letter from Defendant The Law Offices of Mitchell D. Bluhm & Associates, LLC ("Bluhm") dated January 13, 2016, stating that Bluhm had been authorized to offer Plaintiff settlement to the debt for $ 60.00 (ECF No. 1-1 ). Plaintiff claims Defendants violated the FDCPA because the letter failed to inform Plaintiff that the debt was time-barred and failed to provide the disclosure of rights in an "initial communication." (ECF No. 1, PageID.4-6).
On February 8, 2017, Defendants sent Plaintiff a joint offer of judgment that all parties agree provided Plaintiff with all the relief he could possibly receive for his individual claims. Plaintiff signed an acceptance of this offer on February 14, 2017, Id. at PageID.41, and filed a copy with the Court on February 22, 2017. That same day, Plaintiff filed a Motion for Class Certification, asking to be the class representative even though he had mooted his own claim by accepting the Rule 68 offer (ECF No. 15 ).
Defendants move to dismiss the case as moot. The Court agrees that Plaintiff mooted the case by choosing to accept an offer of Rule 68 relief of his individual claim before certification of any class. Plaintiff did not have to accept the offer of judgment. He could have rejected it, or simply let it lapse, and potentially preserved his ability to seek class certification. But by choosing to accept full relief for himself, Plaintiff mooted this case in its entirety.
*891 III. LEGAL STANDARDS AND ANALYSIS
Article III of the United States Constitution limits the jurisdiction of federal courts to live "cases" and "controversies." See Lewis v. Cont'l Bank Corp. , 494 U.S. 472, 477, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990). This is " 'a cradle-to-grave requirement' that must be satisfied at the time a plaintiff first brings suit and that must remain satisfied throughout the life of the case." Hrivnak v. NCO Portfolio Management, Inc. , 719 F.3d 564, 567 (6th Cir. 2013) (quoting Fialka-Feldman v. Oakland Univ. Bd. of Tr. , 639 F.3d 711, 713 (6th Cir. 2011) ). "If a case in federal court loses its character as an actual, live controversy at any point during its pendency, it is said to be moot." Pettrey v. Enter. Title Agency, Inc. , 584 F.3d 701, 703 (6th Cir. 2009). Once that occurs, "the case is no longer within the jurisdiction of the federal courts, and therefore must be dismissed." Id. ; see also Ahmed v. Univ. of Toledo , 822 F.2d 26, 27 (6th Cir. 1987) ("It is fundamental that we may not decide moot issues.").
"Settlement of a plaintiff's claims moots an action," and a named plaintiff's acceptance of an offer of judgment may affect class claims. Brunet v. City of Columbus , 1 F.3d 390, 399 (6th Cir. 1993) (quoting Lusardi v. Xerox Corp. , 975 F.2d 964, 974 (3d Cir.1992) ). "Once a class is certified, the mooting of the named plaintiff's claim does not moot the action, the court continues to have jurisdiction to hear the merits of the action if a controversy between any class member and the defendant exists." Id. (citing Sosna v. Iowa , 419 U.S. 393, 399, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975) ). But where "the named plaintiff's claim becomes moot before certification, dismissal of the action is required." Id. (citing Bd. of Sch. Comm'rs v. Jacobs , 420 U.S. 128, 95 S.Ct. 848, 43 L.Ed.2d 74 (1975) (per curiam) ); see also O'Shea v. Littleton , 414 U.S. 488, 494, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974) ("If none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class.").
The Sixth Circuit has held repeatedly that the mooting of a prospective named plaintiff's claim before filing for class certification moots the case. In Brunet v. City of Columbus , the named plaintiffs filed a class action complaint raising a Section 1983 challenge to the defendant city's firefighter hiring practices. 1 F.3d 390, 395 (6th Cir. 1993). Prior to filing a motion to certify the class, the named plaintiffs were accepted into and entered the city's firefighting class, thus mooting their individual claim. Id. at 399. Subsequently, the district court certified the named plaintiffs' action as a class action under Rule 23(b)(2). Id. at 398. On appeal, the Sixth Circuit dismissed the plaintiffs' claims as moot, reasoning that when the named plaintiffs entered the firefighting class, they no longer had standing to contest the city's hiring procedures at the time of certification of the Rule 23(b)(2) class. Id. at 400. Additionally, in response to the plaintiff's claim that a "picking-off" exception to mootness applied, the court held that, assuming such an exception existed, it would not apply because "there was no motion for certification pending when the City made its settlement offer." Id. Similarly, in Gawry v. Countrywide Home Loans, Inc. , the named Plaintiffs filed a class action complaint against a mortgagee for violations of Ohio law. 395 F. App'x 152, 153 (6th Cir. 2010). Prior to filing a motion to certify the class, the plaintiffs entered into a settlement agreement with the defendant on their individual claims. Id. at 154. The district court denied the plaintiffs' subsequent *892 motion to certify a class, which the Sixth Circuit upheld on appeal. Id. at 155-56. The Sixth Circuit reasoned that the plaintiffs' voluntary settlement of their claims prior to filing a class certification motion rendered the entire action moot. Id.
Moreover, the Sixth Circuit has dismissed interlocutory appeals of class certification denials on mootness grounds where the named plaintiff voluntarily settles his or her claims after a district court denies class certification. In Pettrey v. Enterprise Title Agency , the plaintiffs entered into a settlement agreement with the defendants after the district court denied their motion for class certification. 584 F.3d 701, 703 (6th Cir. 2009). Subsequently, the plaintiffs sought interlocutory review of the district court's decision to deny class certification. See id. The Sixth Circuit held that it lacked jurisdiction to hear the case, finding that the named plaintiffs' voluntary settlement of all their claims rendered the entire action moot. See id. Most recently, in Montgomery v. Kraft Foods Global, Inc. , the plaintiff filed a class action complaint alleging claims under the Michigan Consumer Protection Act. 822 F.3d 304, 306 (6th Cir. 2016). Initially, the district court denied plaintiffs' class certification motion. Id. Thereafter, the plaintiff accepted a Rule 68 offer of judgment from the defendants. Id. On appeal, the Sixth Circuit affirmed the district court's denial of class certification, holding that the plaintiff's acceptance of defendants' offer of judgment mooted the entire case. Id.
This case is moot for the same reasons articulated in Brunet , Gawry , Pettrey , and Montgomery . Plaintiff voluntarily settled his claims here before this Court's certification of a class action.[1] Before Plaintiff even moved for certification, Defendants made an offer of judgment covering "any and all claims for damages provided for by 15 U.S.C. § 1692k, against the named Defendants in the action, and any and all claims for prejudgment interest." (ECF No. 14, PageID.39-40). This offer also included "an amount for costs accrued through the date of this Offer of Judgment and an amount for reasonable attorney's fees, in satisfaction of any and all claims for same provided for by 15 U.S.C. § 1692k(a)(3)." Id. Plaintiff voluntarily signed acceptance of this offer by signing it on February 14, 2017, a week before filing for class certification.[2] Id. Plaintiff's *893 voluntary settlement of his claims rendered this action moot, such that this Court no longer has jurisdiction over this case. See Gawry , 395 F. App'x. at 153 ; Pettrey , 584 F.3d at 703 ; Montgomery , 822 F.3d at 306 ; Brunet , 1 F.3d at 399.
Plaintiff nevertheless argues that this case falls within the "picking off" exception to mootness recently discussed by the Sixth Circuit in Wilson v. Gordon , 822 F.3d 934, 950-51 (6th Cir. 2016). Wilson does not apply here, however. In Wilson , the District Court had actually certified a class, and the Defendant did not appeal the certification. Id. at 941. The Court of Appeals made this point several times. Id. at 939, ("The district court certified a class ....") 941, ("The district court certified the following class .... The State has not appealed this order.") 942 ("In its class certification order, (again, not appealed by the State) ...."). Unlike Wilson , this case does not involve a certified class, let alone one acquiesced in by the defense.
Moreover, Wilson did not involve a voluntary settlement like this case. The Wilson plaintiffs suspended their pursuit of the litigation after the State defendants agreed to attempt to resolve the disputed claims. See id. at 943. But the Wilson court said this did not result in a voluntary settlement because it did not guarantee the named plaintiffs their requested relief: namely, eligibility determinations or fair hearings. See id. Consequently, Wilson does not control the outcome where, as here, the named Plaintiff voluntarily settled all his claims before certification of a class-or even the filing of a motion to certify a class.[3] Here, the well-established circuit rule that voluntary settlement of a named plaintiffs' claims prior to class certification moots the entire action should control. See Montgomery , 822 F.3d at 306 ; Gawry , 395 F. App'x at 153 ; Pettrey , 584 F.3d at 703 ; Brunet , 1 F.3d at 399.
This Court would likely see this case differently if Plaintiff had rejected Defendant's tender of a Rule 68 offer of judgment to Plaintiffs. Mooting a putative class action simply because a Defendant offers to settle by providing the named class representatives full relief really would place the class action opportunity "at the mercy of a defendant, even in cases where a class action would be most clearly appropriate." Susman v. Lincoln Am. Corp. , 587 F.2d 866, 870 (7th Cir. 1978). In this Court's view, a class representative's rejection of the offer-even one providing full individual relief-is enough to sustain the case to decision on a class certification motion. In Genesis Healthcare Corporation v. Symczyk , 569 U.S. 66, 133 S.Ct. 1523, 185 L.Ed.2d 636 (2013), the Supreme Court hinted at this very distinction. The Court determined that a Rule 68 offer of judgment that provided a lead plaintiff's requested relief prior to the certification of an FLSA collective action class moots the entire case even if the lead plaintiff does not accept it. Id. at 1529. In reaching its decision, however, the Supreme Court limited its holding to collective actions under *894 the FLSA and distinguished Rule 23 class actions as "fundamentally different from class actions under the FLSA." Id. (citation omitted). This suggests a lapsed Rule 68 offer to a class representative in a putative class action would not moot the action and preclude a ruling on the merits of class certification. But nothing in the case suggests a Plaintiff that actually accepts such a Rule 68 offer would have any standing to continue the litigation solely for the purpose of seeing if class certification was nevertheless appropriate. It's not too much to ask that the representative of a putative class have his or her own fortunes rise or fall with the putative class. Where, as here, the Plaintiff has voluntarily agreed to settle any and all of his claims before moving for class certification, this Court "is not at liberty to create a controversy where one no longer exists." Pettrey , 584 F.3d at 707 (citation omitted). Ultimately, "federal courts do not sit simply to bestow vindication in a vacuum." Zimmerman v. Bell , 800 F.2d 386, 390 (4th Cir. 1986).
Plaintiff also refers in passing to two other possible exceptions to the mootness doctrine. The Sixth Circuit has previously addressed those exceptions, and held that it may be proper for a named plaintiff who has resolved his claims to continue representing the class when (1) the plaintiff's claims were "involuntarily terminated"; or (2) the named "plaintiff[ ] retained a personal stake in the case because they would be able to shift part of the costs of litigation to the class members if they prevailed in their attempt at class certification." Pettrey , 584 F.3d at 704-05. Neither exception applies in this case. Here, prior to moving for class certification, Plaintiff voluntarily settled all of his claims against Defendants by accepting Defendants' offer of judgment; that settlement included "an amount for reasonable attorney's fees, in satisfaction of any and all claims for same provided for by 15 U.S.C. § 1692k(a)(3)."[4]
In short, Plaintiff no longer has a live case or controversy and this case is moot. See Brunet , 1 F.3d at 399 ("Settlement of a plaintiff's claims moots an action.") (citations and quotation marks omitted). Accordingly, "under [Sixth Circuit] precedent, *895 because the named plaintiffs' claims were moot prior to moving for class certification, and no exception to the mootness doctrine applies to this case, the district court [is] 'required' to dismiss this action." Gawry , 395 F. App'x at 160 (citing Brunet , 1 F.3d at 399 ; Lusardi , 975 F.2d at 983 ("Without a rule that plaintiff have a live claim at least when the motion to certify is filed, the 'case or controversy' requirement would be almost completely eviscerated in the class action context ....") ).
CONCLUSION
ACCORDINGLY, IT IS ORDERED that Defendant's Praecipe for Entry of Judgment in favor of Plaintiff and against Defendants on the Rule 68 terms (ECF No. 19 ) is GRANTED.
IT IS FURTHER ORDERED that Defendants' joint motion to dismiss all putative class claims (ECF No. 21 ) is GRANTED based on mootness.
AMENDED JUDGMENT
In accordance with Defendants' Rule 68 Offer of Judgment and Plaintiff's Acceptance of Defendants' Rule 68 Offer of Judgment (ECF No. 14 ),
JUDGMENT is entered in favor of Plaintiff, and against Defendants the Law Offices of Mitchell D. Bluhm & Associates, LLC, Capio Partners, LLC, and CP Medical LLC in the total lump sum amount of three thousand, five hundred and one and 00/100 Dollars ($ 3,501.00) for all claims and causes of action, brought or which may have been brought by Plaintiff against the Defendants, The Law Offices of Mitchell D. Bluhm & Associates, LLC, Capio Partners, LLC, and CP Medical LLC, in the present case. Plaintiff is further awarded costs accrued through February 8, 2017, and reasonable attorney's fees, as agreed upon by the parties, or, if the parties are unable to agree, in an amount to be determined by the Court on application by Plaintiff's counsel, in accordance with Fed. R. Civ. P. 54(d)(2).
All putative class claims are DISMISSED AS MOOT .
Dated: June 29, 2017

Plaintiff claims that he "ha[d] no meaningful choice but to accept Defendants' Offer of Judgment" because he "face[d] the risk of having to pay Defendants' costs if a class [wa]s not certified." The Court disagrees. Rule 68 "does not apply to judgments in favor of the defendant or to judgments in favor of the plaintiff for an amount greater than the settlement offer." Delta Air Lines, Inc. v. August , 450 U.S. 346, 354, 101 S.Ct. 1146, 67 L.Ed.2d 287 (1981). Under Rule 68, the only risk Plaintiff faced in denying Defendants' offer was having to pay Defendants' costs if Plaintiff was awarded a judgment for an amount less than the settlement offer. And those "costs" do not include Defendants' attorneys fees. Pietrowski v. Merchants and Medical Credit Corp. , 256 F.R.D. 544, 554 (E.D. Mich. 2008) ("Because the FDCPA defines "costs" without including attorney fees, such fees cannot be recovered in an FDCPA action pursuant to Rule 68.") (citation omitted). Accordingly, the Court finds Plaintiff had a meaningful choice to accept or reject Defendants' Rule 68 offer and chose to voluntarily accept it by signing the offer.

Plaintiff held the acceptance for about a week, and filed it on February 22, the same day he filed a motion for class certification. Even if the formal offer and acceptance occurred at filing on the 22nd, rather than on the earlier signature date, the fact remains that Plaintiff obtained full relief for his own personal claim before any class was certified; before the Defendant had any chance to respond to the motion; and before the Court could decide the motion. That brings it squarely within the authority cited earlier.

In a footnote, the Wilson court considered "whether the 'picking-off' exception applies at all where the named plaintiffs voluntarily settle their individual claims." Id. at 951 n.5. The majority recognized the Fourth, Fifth, and Eighth Circuits' holdings on the issue finding such cases moot. Id. (citing Thomas v. Mamaso, Inc. , 548 F. App'x 131, 132 (5th Cir. 2013) ; Potter v. Norwest Mortgage, Inc. , 329 F.3d 608, 612-13 (8th Cir. 2013) ; Toms v. Allied Bond & Collection Agency, Inc. , 179 F.3d 103, 106-07 (4th Cir. 1999) ). The panel majority's suggestion that it would reach a different result is dicta because the Wilson majority affirmatively found there was not a voluntary settlement at issue. As dicta, the comment is not determinative here. In any event, Wilson is distinguishable because, as noted, it involved an already certified class in a certification the Defendants did not appeal.

Plaintiff's claim also does not fall into the exception for those claims "capable of repetition yet evading review." See U.S. Parole Commission v. Geraghty , 445 U.S. 388, 398 n.6, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980). That doctrine applies only "where two elements combine[ ]: (1) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration and (2) there [is] a reasonable expectation that the same complaining party would be subjected to the same action again." Weinstein v. Bradford , 423 U.S. 147, 149, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975) (per curiam). Here, Plaintiff has failed to provide any evidence showing a "reasonable expectation" or a "demonstrated probability" that he will be subject to the type of Florida hospital loan in the future. See Los Angeles v. Lyons , 461 U.S. 95, 109, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983) ("[T]he capable-of-repetition doctrine applies only in exceptional situations, and generally only where the named plaintiff can make a reasonable showing that he will again be subjected to the alleged illegality.").
Nor do Plaintiff's claims fall under the exception for "inherently transitory" claims. "[T]he crux of the 'inherently transitory' exception is the uncertainty about the length of time a claim will remain alive." Olson v. Brown , 594 F.3d 577, 582 (7th Cir. 2010). Here, Plaintiff knew (or should have known) that his claim would become moot when he agreed to Defendants' offer of judgment "in satisfaction of any and all claims for damages provided for by 15 U.S.C. § 1692k, against the named Defendants in the action, and any and all claims for prejudgment interest." Therefore, Plaintiff's claim was not so "inherently transitory" as to prevent this Court from ruling on a motion for class certification prior to the settlement of her claims. Geraghty , 445 U.S. at 399, 100 S.Ct. 1202. Accordingly, this exception is inapplicable here.